IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| LARRY BUCHANAN, | § | |
| TDCJ-CID No. 01556637, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-247-Z |
| | § | |
| PHYLLIS LARUE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff LARRY BUCHANAN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

By his Complaint, Plaintiff argues that his medical restrictions were removed by a physical in retaliation for the filing of grievances. Further, Plaintiff argues that he has been denied adequate medical treatment through the deliberate indifference of the doctors and medical staff on his unit. Plaintiff indicates that in May of 2013, he was obligated to file grievances against the medical staff at his unit based on not receiving proper medication. Plaintiff argues that the loss of his medical restriction is a retaliation for these grievances.

## ANALYSIS

It is well-established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). To state a claim of retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. *Id.* Plaintiff fails to state a non-conclusory retaliation claim. He alleges that he suffered retaliation for exercising his right to file a grievance. The retaliatory adverse act complained of is denial of medical care through deliberate indifference to

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

his medical needs. However, Plaintiff fails to state any facts that indicate that the removal of his medical restriction was retaliatory in nature. Rather, the attached grievances and medical records indicate that the removal of his medical restriction was a medical decision based on testing. Plaintiff's mere belief that the removal was based on retaliation for the past filing of grievances is insufficient to state a claim for retaliation.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal marks omitted). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay which does not aggravate or exacerbate the medical condition does not constitute a constitutional violation. *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988). A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)

(citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994)). Unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos*, 41 F.3d at 235; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

"The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Estelle*, 429 U.S. 97, 107 (1976)). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

Plaintiff presents no allegation of deliberate indifference, but, at best, an allegation of medical malpractice or negligence. However, section 1983 is not a general tort statute, and mere negligence does not meet the standard for liability under section 1983. *Daniels v. Williams*, 474 U.S. 327, 331-34 (1986). Plaintiff claims that his medical restrictions were removed by doctors, but he acknowledges that his removal occurred as a result of medical appointments. Further, Plaintiff's requests for certain lotions or medications were not ignored; rather, he was seen by medical personnel and was provided with alternate care. Although Plaintiff disagrees with the physician's opinions and orders, it is clear from the attached medical records and grievance

responses that Plaintiff receives regular medical care at his unit of incarceration.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is **ORDERED** that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** without prejudice for failure to state a claim.

Accordingly, the Court concludes that plaintiff has failed to show that he is entitled to a preliminary injunction or a temporary restraining order. Accordingly, Plaintiff's March 12, 2019 motion for preliminary injunction is **DENIED**.

**SO ORDERED.**

February 6, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE